# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

HARRIET H. ROLAND,

          Plaintiff,

vs.

DARLENE HICKMAN, *et al.*,

          Defendants.

Case No. 2:15–cv–1133–JCM–VCF

**REPORT & RECOMMENDATION**

MOTION TO DISMISS (#15)

    While representing Darlene Hickman in a divorce proceeding, Harriet H. Roland, Esq. held $103,396.31 in a client-trust account. Before the divorce was finalized, Ms. Roland discovered that the Internal Revenue Service ("IRS") and Summerlin Hospital Medical Center ("Hospital") held competing liens against property owned by Mrs. Hickman and her soon-to-be ex-husband, Marvin Hickman. These liens frustrated Ms. Roland's attempt to determine to whom the funds belonged.

    To resolve this question, Ms. Roland filed a complaint for interpleader in the divorce proceeding against the Hickmans, the IRS, and the Hospital. One month later, the IRS removed the interpleader action to federal court, but not the divorce proceeding. Six days after removal, the presiding state-court judge entered a divorce decree that equally divided the funds in the client-trust account between Mr. and Ms. Hickman.

    Mr. Hickman now moves to dismiss, arguing that the court lacks subject-matter jurisdiction under the prior-exclusive-jurisdiction doctrine and that the divorce decree mooted this controversy by awarding half of the funds to him. The court agrees. Because the IRS only removed the interpleader action and not the divorce proceeding, the Hickmans' property is subject to a separate, concurrent proceeding in state court in violation of the prior-exclusive-jurisdiction doctrine.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 12 permits a party to assert the lack of subject-matter jurisdiction as a defense to a plaintiff's claim for relief. FED. R. CIV. P. 12(b)(1). The federal court's subject-matter jurisdiction is limited and strictly construed. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A federal court possess only those powers authorized by the Constitution or a specific federal statute. *See id*. This means that a party may neither consent to nor waive federal subject-matter jurisdiction. *Sec. & Exch. Comm'n v. Blazon Corp.*, 609 F.2d 960, 965 (9th Cir. 1979).

The Supreme Court has long directed lower courts to presume that they lack jurisdiction, *see Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799), and police complaints by dismissing or remanding if the court determines "at any time" that subject-matter jurisdiction is absent. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); FED. R. CIV. P. 12(h)(3); 28 U.S.C. § 1447(c). The burden of proving jurisdiction rests on the party asserting it. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–183 (1936).

## DISCUSSION

It is well settled that the federal government may remove a civil action that is commenced in state court against the United States, an agency of the United States, like the IRS, or property that may belong to the United States, as in the case of a federal tax lien. *See* 28 U.S.C. §§ 1442(a)(1), 1444. Nonetheless, Mr. Hickman contends that the doctrine of prior exclusive jurisdiction deprives the court of subject-matter jurisdiction over Ms. Roland's interpleader action against the IRS.

The doctrine of prior exclusive jurisdiction applies to *in rem* or *quasi in rem* actions. It is an "ancient doctrine" and stands for the proposition that "when a court of competent jurisdiction has obtained possession, custody, or control of particular property, that possession may not be disturbed by any other

court." *State Eng'r of State of Nevada v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nevada*, 339 F.3d 804, 809 (9th Cir. 2003) (citation omitted). In simpler terms, the doctrine means that the same property cannot "be subject to two jurisdictions at the same time." *Hagan v. Lucas*, 35 U.S. (10 Pet.) 400, 403(1836). The doctrine applies to divorce and foreclosure actions, as well as Ms. Roland's interpleader action, because all are *in rem* or *quasi in rem* proceedings. *Simpson v. O'Donnell*, 98 Nev. 516, 517 (1982) ("It is well settled that a divorce proceeding is an *in rem* proceeding"); *Sexton v. NDEX W., LLC*, 713 F.3d 533, 537 (9th Cir. 2013) (characterizing a foreclosure action as *in rem*).

Although the doctrine "is based at least in part on considerations of comity," it is not "a discretionary rule of abstention." *State Eng'r*, 339 F.3d at 810. It is a "mandatory" and "inexorable" "jurisdictional bar." *Id*. at 810, 811; *Palmer v. State of Texas*, 212 U.S. 118, 126 (1909). Therefore, "if a state court has previously exercised jurisdiction over [] property and retains that jurisdiction in a separate, concurrent proceeding," a federal court lacks subject-matter jurisdiction over the same property as a matter of law, even if the federal court could have initially exercised jurisdiction over the property. *Sexton v. NDEX W., LLC*, 713 F.3d 533, 537 (9th Cir. 2013) (citing *Kline v. Burke Const. Co*., 260 U.S. 226, 229 (1922)).

The court begins its jurisdictional inquiry with 28 U.S.C. §§ 1442(a)(1) and 1444, the federal removal statutes on which the IRS heavily relies. The relevant portion of section 1442 states:

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). In turn, section 1444 provides that "[a]ny action brought under section 2410 of

this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."[1] 28 U.S.C. § 1444.

These statutes do not resolve the court's jurisdictional question, as the IRS insists. They merely permitted the agency to remove Ms. Roland's action to federal court; they do not determine whether the court has subject-matter jurisdiction to hear it. *See* 28 U.S.C. §§ 1442(a)(1), 1444, 1447(c); *State Eng'r*, 339 F.3d at 809 (citing *Nebraska ex rel. Dep't of Soc. Servs. v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998)) ("A defendant's power to remove a case to federal court is independent of the federal court's power to hear it. These are analytically distinct inquiries and should not be confused. Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims."). The question before the court is whether, after removal, the doctrine of prior exclusive jurisdiction bars the court from hearing Ms. Roland's interpleader action. The court finds that it does.

Two Ninth Circuit opinions recently addressed the interplay between the removal statues and the doctrine of prior exclusive jurisdiction. In *State Engineer*, the State of Nevada commenced a contempt proceeding against an Indian tribe to enforce a water-rights decree that was entered in Nevada's Sixth Judicial District Court; the Sixth Judicial District Court had exercised jurisdiction over that decree for seventy years. 339 F.3d at 807–08. The federal government was joined as a defendant in the contempt proceeding and removed it to federal court under 28 U.S.C. § 1442. *See id.* at 808.

The Honorable Edward C. Reed, U.S. District Judge, remanded the action to state court, and the defendants appealed. The Ninth Circuit affirmed under the prior-exclusive-jurisdiction doctrine. The court held that the state court had continuing jurisdiction over the water-rights decree that was the basis of the contempt action at issue, and the action before the district court arose from enforcement of the same water-

---

[1] Section 2410 governs actions affecting property on which the United States has a lien.

4

rights decree. *See id*. at 811. The court wrote, "section 1442 is not a trump." *Id*. at 809. Even though the federal contempt action can be adjudicated without disturbing the state-court's jurisdiction over the water-rights, "the parties' interests in the property [] serve[s] as the basis of the jurisdiction in both actions. Therefore, the action is *quasi in rem* and the doctrine of prior exclusive jurisdiction fully applies." *Id*. at 811.

A different conclusion was reached in *Sexton*. There, two mortgagors commenced an action in state court against various banks for wrongful foreclosure. 713 F.3d at 535. The banks removed the action to federal court on diversity grounds under 28 U.S.C. § 1441. *Id*. The Honorable Larry R. Hicks, U.S. District Judge, dismissed the action and the mortgagors appealed, arguing that Judge Hicks should have remanded the action *sua sponte* under the prior-exclusive-jurisdiction doctrine. *Id*. at 536. The mortgagors claimed that because they filed a complaint in state court challenging the banks' foreclosure, the state court obtained *in rem* jurisdiction over their home, and the district court was precluded from exercising jurisdiction over the same property. *Id*. at 536–37. The Ninth Circuit affirmed Judge Hicks, stating:

> Where, as here, the defendant appropriately removes the case to federal court, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins. *See* 28 U.S.C. § 1446(d) ("after the filing of [a] notice of removal . . . the State court shall proceed no further unless and until the case is remanded."). Because the state court did not retain jurisdiction over the Sextons' property, the doctrine of prior exclusive jurisdiction is inapplicable.

*Id*. at 537.

The Ninth Circuit then distinguished *Sexton* from *State Engineer* on grounds that are dispositive here. *Sexton* involved one *res* and one action, which began in state court and was removed to federal court. By contrast, *State Engineer* involved one *res*, a federal action, and a separate, concurrent proceeding in state court that was predicated on the same *res*. So too here. The Hickmans' divorce action and Ms.

Roland's interpleader action are separate, concurrent proceedings in different jurisdictions that are predicated on the same *res*: the marital estate.

The IRS's Notice of Removal concedes this point. It states that "[t]he Hickmans are in divorce proceedings in state court in Nevada, also in Clark County. Although the divorce case bears the same case number as the interpleader action, the United States intends to remove only the May 10, 2015, interpleader Complaint, not the entire divorce proceeding." (Doc. #1 at ¶ 2). By virtue of the IRS's removal of the interpleader action and not the divorce action, the Hickmans' property is subject to two jurisdictions simultaneously. This violates the prior-exclusive-jurisdiction doctrine and deprives the court of subject-matter jurisdiction.[2]

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Marvin Hickman's Motion to Dismiss for lack of subject-matter jurisdiction (#15) be GRANTED and Ms. Roland's interpleader action be REMANDED to state court for further proceedings.

IT IS FURTHER RECOMMENDED that, if this matter is remanded, the court order the clerk of court to transfer the funds in the court's registry, *see* (Doc. #32), to the Eighth Judicial District Court, Department E for further proceedings in the matter *Harriet H. Roland, M.B.A., J.D., Ltd. v. Darlene Hickman, et al.*, D–14–490939–d.

IT IS ORDERED that Ms. Roland's Motion for a Scheduling Conference (#33) is DENIED as moot.

---

[2] *See United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (citing *Penn Gen. Cas. Co. v. Penn. ex rel. Schnader*, 294 U.S. 189, 195 (1935)) ("The purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the *res* upon which jurisdiction of each depends.").

DATED this 25th day of August, 2015.

                                                _____
                                                CAM FERENBACH
                                                UNITED STATES MAGISTRATE JUDGE