1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

HARRIET H. ROLAND, M.B.A, J.D., LTD.,

Plaintiff(s),

v.

DARLENE HICKMAN, et al.,

Defendant(s).

Case No. 2:15-CV-1133 JCM (VCF)

ORDER

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach. (Doc. # 34). Defendant the United States Internal Revenue Service ("IRS") filed objections to the report and recommendation (doc. # 35), and defendant Marvin Hickman filed a response. (Doc. # 36). Interpleader plaintiff Harriet H. Roland, M.B.A., J.D., Ltd. ("Roland") filed a notice of non-opposition to the report and recommendation. (Doc. # 37).

I.      **Background**

While representing Darlene Hickman as her attorney, Ms. Roland held $103,396.31 on behalf of Mrs. Hickman pursuant to their engagement agreement. The engagement included, but was not limited to, matters dealing with the IRS. At the time the interpleader in this action was filed, Mrs. Hickman was involved in a divorce proceeding with defendant Marvin Hickman.

Before the divorce was finalized, Ms. Roland discovered that the IRS and defendant Summerlin Hospital Medical Center (the "Hospital") held competing liens against property owned by Mrs. Hickman and her soon-to-be ex-husband. These liens frustrated Ms. Roland's attempt to determine to whom the funds belonged.

To resolve this question, Ms. Roland filed a complaint for interpleader against the Hickmans, the IRS, and the Hospital within the aforementioned divorce proceeding. One month later, the IRS removed just the interpleader action to federal court, with the divorce proceeding

**James C. Mahan**
**U.S. District Judge**

remaining in state court. Six days after removal, the presiding state-court judge entered a divorce decree that equally divided the funds in Ms. Roland's possession between Mr. and Mrs. Hickman.

Mr. Hickman now moves to dismiss, arguing that the court lacks subject-matter jurisdiction under the prior exclusive jurisdiction doctrine and that the divorce decree mooted this controversy by awarding half of the funds to him.

## II.    Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen days from the date of service of the findings and recommendations. D. Nev. R. IB 3-2(a).

## III.   Discussion

Magistrate Judge Ferenbach recommends that Mr. Hickman's motion to dismiss for lack of subject matter jurisdiction be granted based on the prior exclusive jurisdiction doctrine. *See State Eng'r of State of Nevada v. S. Fork Bank of Te-Moak Tribe of W. Shoshone Indians of Nevada*, 339 F.3d 804, 809 (9th Cir. 2003). Judge Ferenbach also recommends that the matter be remanded to the state court for further proceedings. Finally, the magistrate judge recommends that if the matter is remanded, the court order the clerk of court to transfer the funds in question, currently in the court's registry, to the Eighth Judicial District Court for further proceedings.

The IRS objects to the recommendations. It argues that the magistrate judge's application of the prior exclusive jurisdiction doctrine was in error because the two cases are not *in rem* proceedings concerning an identical *res*.[1]   It argues that interpleader actions are generally

---

[1] The IRS also argues that the magistrate judge's factual finding that Ms. Roland holds the disputed funds in a client-trust account and that Ms. Roland represented Mrs. Hickman in her divorce proceedings is incorrect. Having reviewed the original interpleader complaint, the court finds that the IRS is correct. (*See* doc. # 1-2 at 4). Ms. Roland appears to have represented Mrs. Hickman in an IRS matter, and it is not clear whether the funds are held in a client-trust account or otherwise.

James C. Mahan
U.S. District Judge

- 2 -

characterized as *in personam* proceedings and that even if the state divorce court proceeding was partially *in rem*, the state court did not have *in rem* jurisdiction over the interpleaded funds themselves. Finally, the IRS argues that even if the court has the discretion to remand, it should decline to exercise that discretion because resolution of the interpleader action turns on questions of federal law. It requests that the court should instead stay the action.

In his response to the IRS' objections, Mr. Hickman argues that the interpleader and divorce proceedings are either *in rem* or, alternatively, *quasi in rem*. Consistent with the magistrate judge's findings, Mr. Hickman maintains that both *in rem* and *quasi in rem* proceedings are subject to the prior exclusive jurisdiction doctrine. He also asserts that the mere existence of a federal tax lien does not create a cause of action to raise federal question jurisdiction, arguing that the IRS has not presented any counterclaims or otherwise pled a claim in the matter. Hickman argues that the IRS' request to stay the action so that a federal court can resolve its claims is thus meritless.

The magistrate judge's order contains a lengthy discussion of the application of the prior exclusive jurisdiction doctrine. (*See generally* doc. # 34). The court was correct in its finding that the prior exclusive jurisdiction doctrine applies to actions that are both *in rem* and *quasi in rem*. *See State Eng'r of State of Nevada v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians of Nevada*, 339 F.3d 804, 811 (9th Cir. 2003) (citing *United States v. Bank of N.Y. & Trust Co.*, 296 U.S. 463, 477 (1936); 14 Federal Practice and Procedure § 3631, at 8–11); (Doc. # 34 at 2).

The magistrate judge concluded that the doctrine applies here because both the divorce proceeding in the state court and the interpleader removed to this court "are *in rem* or *quasi in rem* proceedings." (Doc. # 34 at 3). He did not specifically find whether either proceeding was *in rem* or *quasi in rem*.[2] (*Id.*) The IRS attempts to sidestep the jurisdictional issue by arguing that interpleader actions are *in personam* proceedings. It argues that some aspects of divorce proceedings require *in rem* jurisdiction, while others require *in personam* jurisdiction.

The Ninth Circuit addressed a similar argument in *State Eng'r of State of Nevada*:

[t]he tribe and the federal government try to escape this inexorable jurisdictional bar by emphasizing that contempt actions are *in personam* rather than *in rem*. But *Alpine*, like this case, was not styled as an *in rem* action, yet the formalistic distinction made not the least bit difference. Lest we "exalt form over necessity," *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1328 (9th Cir.1982), we look behind "the form of the action" to "the gravamen of a complaint and the nature of

---

[2] To be sure, making such a finding was not necessary in this case because *in rem* and *quasi in rem* proceedings are both subject to the prior exclusive jurisdiction doctrine. *See State Eng'r of State of Nevada*, 339 F.3d at 811.

James C. Mahan
U.S. District Judge

1  the right sued on," *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1520 (9th
2  Cir.1985) (superseded by statute on other grounds as stated in *Northrop Corp. v.
   Triad Int'l Mktg. S.A.*, 842 F.2d 1154 (9th Cir.1988) (*per curiam*)).

3  *State Eng'r of State of Nevada*, 339 F.3d at 810-11.

4        Looking "behind the form of the action" to "the gravamen of [the interpleader]," the court

5  finds that jurisdiction over the funds in Ms. Roland's possession is *quasi in rem* in nature in both

6  the divorce proceeding and the interpleader action. Regardless of whether the typical nature of

7  interpleader actions is *in personam*, *in rem*, or *quasi in rem*, the Supreme Court has observed that

8  *quasi in rem*[3] actions result in a judgment for which the effect is "limited to the property that

   supports jurisdiction and does not impose a personal liability on the property owner." *Shaffer v.*
9  *Heitner*, 433 U.S. 186, 199 (1977).

10       This interpleader action, despite the IRS' arguments to the contrary, does not require the

11 court to adjudicate any actual claims or causes of action.[4] Ms. Roland's interpleader asks only that

12 the court to resolve the priority of a number of claims over a certain sum of cash she was entrusted

13 with. The fact that federal tax lien law is implicated does not change the nature of the interpleader.

14 Resolution of this matter will not "impose a personal liability on the property owner" and is

15 "limited to the property that supports jurisdiction." *Id.*

16       The IRS has already imposed personal liability on the Hickmans. It now seeks only to

17 satisfy that liability with the funds subject to interpleader, which does not require the imposition

18 of liability, but instead requires the resolution of the priority of liens under state law. *See United*

19 *States v. Bess*, 357 U.S. 51, 55 (1958). A judgment in this action would impose no personal

20 liability. It therefore requires a court to exercise *quasi in rem* jurisdiction and not *in personam*

   jurisdiction over the funds. *See supra* n. 3.

21       . . .

22

23       [3] "A judgment in rem affects the interests of all persons in designated property. A judgment
   quasi in rem affects the interests of particular persons in designated property. . . ." *Shaffer v.*
24 *Heitner*, 433 U.S. 186, 228 n. 17 (1977) (quoting *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12
   (1958)).

25       [4] The IRS argues that the case turns on questions of federal law that should be adjudicated
   in a federal forum. In attempting to make that very argument, it points out, correctly, that a tax lien
26 "merely attaches consequences, federally defined, to rights created under state law." (Doc. # 35 at
   14) (quoting *United States v. Bess*, 357 U.S. 51, 55 (1958)). In order to resolve its rights to the
27 funds, the court must merely apply state law to federally defined rights and need not resolve any
   federal law. The "mere presence of a federal issue in a state cause of action does not automatically
28 confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S.
   804, 813 (1986).

James C. Mahan
U.S. District Judge

- 4 -

As the *State Eng'r of State of Nevada* court found:

> [t]o be sure, the [interpleader] action does not "determine interests in specific property as against the whole world" and is brought only "against the defendant[s] personally," *Black's Law Dictionary* 1245 (6th ed. 1990). But "it is the [parties'] interest[s] in the property that serve[ ] as the basis of the jurisdiction." *Id.* Therefore, the action is *quasi in rem, id.*, and the doctrine of prior exclusive jurisdiction fully applies[.]

*State Eng'r of State of Nevada*, 339 F.3d at 811 (citing *United States v. Bank of N.Y. & Trust Co.*, 296 U.S. 463, 477 (1936); 14 *Federal Practice and Procedure* § 3631, at 8–11).

Second, the court finds that the magistrate judge's conclusion that both the divorce action and the interpleader exercise jurisdiction over the same *res* was correct. *Id.* Ms. Roland initiated the interpleader within the divorce proceeding. The IRS then removed just the interpleader action to federal court, meaning that the state court retained jurisdiction over the rest of the divorce proceeding, including the marital estate, which includes funds pledged to Ms. Roland to be held on behalf of Mrs. Hickman.

The fact that the divorce court simultaneously exercises jurisdiction over a separate *res*— the Hickman's marital status—does not strip it of its jurisdiction over the marital estate. In fact, six days after the IRS removed the interpleader from the divorce proceeding, the state court demonstrated its jurisdiction over the *res* at issue by entering a divorce decree that divided the funds equally between Mr. and Mrs. Hickman. Any judgment this court enters would disturb the divorce decree.

"Because this is not a case where the court hearing the second suit can adjudicate personal claims to property without disturbing the first court's jurisdiction over the *res*, *see Kline*, 260 U.S. at 230, 43 S.Ct. 79, the [interpleader] proceeding cannot be termed "*strictly in personam.*" *State Eng'r of State of Nevada*, 339 F.3d at 811 (quoting *Penn. Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)).

Consistent with *State Eng'r of State of Nevada*, the court finds that the interpleader and divorce proceedings are *quasi in rem*. The magistrate judge's finding that the proceedings were *in rem* or *quasi in rem* was thus correct. Accordingly, he was also correct that the prior exclusive jurisdiction doctrine applies. *See id.* As explained above, the IRS' argument that the interpleader action requires resolution of unidentified federal claims is unavailing. Having conducted a *de novo*

review of the magistrate judge's report and recommendation, the court will adopt his report and recommendation.[5]

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (doc. # 34) are ADOPTED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendant Marvin Hickman's motion to dismiss for lack of subject matter jurisdiction (doc. # 15) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Harriet H. Roland, M.B.A., J.D., Ltd.'s interpleader action (doc. # 1-2) be, and the same hereby is, REMANDED to state court for further proceedings.

IT IS FURTHER ORDERED that the clerk of court shall transfer the funds in the court's registry (*see* doc. # 32) to the Eighth Judicial District Court, Department E, for further proceedings in the matter of *Harriet H. Roland, M.B.A., J.D., Ltd. v. Darlene Hickman, et al.*, D-14-490939-d.

DATED March 28, 2016.

UNITED STATES DISTRICT JUDGE

---

[5] The court does not adopt the factual findings discussed *supra* in footnote 1. *See supra* n. 1.

James C. Mahan
U.S. District Judge

- 6 -