1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARRIET H. ROLAND, M.B.A, J.D., LTD., | Case No. 2:15-CV-1133 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| DARLENE HICKMAN, et al., | |
| Defendant(s). | |

    Presently before the court is defendant Internal Revenue Service's (the "IRS") motion to alter or amend the judgment, for relief from judgment, and/or to stay the proceedings pending appeal. (ECF Nos. 39, 39-1).

    On January 30, 2017, Magistrate Judge Ferenbach granted the IRS's request to stay the instant motion for 45 days. *See* (ECF Nos. 43, 44). In addition, defendant's status report recognized that the stay would last "through March 16, 2017." (ECF No. 45 at 4). Thus, the stay has expired.

    The status report also indicated that the IRS intended to discuss a stipulation with the parties that could resolve the case. (*Id.*) ("If all parties have not reached a complete stipulation by [March 16, 2017], the United States expects to file a motion to resolve the case otherwise."). However, no stipulation was filed during that time.

    Moreover, Local Rule IC 2-2(b) states "for each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."[1]

---

[1] That rule provides examples, as follows: "(i) separate documents must be filed for a response to a motion and a countermotion, with the appropriate event selected for each document,

Here, the instant motion identifies at least three separate requests of the court: (1) "[T]o clarify whether the Order is intended to serve as a ruling on the merits, as well as a remand to state court"; (2) for "the court to alter or amend the judgment, or grant the United States relief from the Order"; and (3) for the court to, alternatively, "stay the judgment pending appeal." (ECF No. 39 at 2). Therefore, this motion is obviously in violation of Local Rule IC 2-2(b) and will therefore be denied, without prejudice.

The IRS may submit motions to the court in compliance with Local Rule 2-2(b) and any future motion to reconsider or amend the judgment shall discuss whether applicable Ninth Circuit precedent has come into existence since the court rendered the challenged order. (ECF Nos. 38, 39 ("At the least, the case presents an issue of first impression for the Ninth Circuit . . . .")).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the IRS's motion (ECF No. 39) be, and the same hereby is, DENIED, without prejudice.

IT IS FURTHER ORDERED that the IRS may file motions seeking the forms of relief presented by the instant motion within twenty-one (21) days of the date of this order, consistent with the foregoing.

DATED March 17, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

rather than filing a response and a countermotion in one document; (ii) separate documents must be filed for a motion to dismiss and a motion to sever, rather than filing a motion to dismiss and to sever in one document." LR IC 2-2(b).

**James C. Mahan**
**U.S. District Judge**

- 2 -